IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Criminal No. 16-53 |
| | ) | |
| EDRIC MCARTHUR, SR., | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

Now pending before the court are pro se motions to appoint counsel filed by defendant Edric McArthur, Sr. ("McArthur") (ECF Nos. 101, 105). McArthur explains that he intends to file a § 2255 motion to vacate his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He contends that his conviction was invalidated by the United States Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), and "other new case law as well." (ECF No. 101).

The government, in its response to the motion (ECF No. 103), interpreted McArthur's use of the phrase "other new case law" as a reference to *Rehaif v. United States*, 139 S. Ct. 2191 (2019) (holding that the government must prove that a defendant knew that he possessed a firearm and that he belonged to the relevant class of persons barred from possessing a firearm). In his renewed motion, McArthur confirmed that he was seeking relief pursuant to *Rehaif*. (ECF No. 105).

McArthur described in the motion his unsuccessful efforts to obtain representation from the federal public defender's office. After numerous inquiries from the court, the federal public defender notified the court on June 3, 2020, that it was not going to enter

1

an appearance on McArthur's behalf. His pro se motions are now ripe for disposition.

Factual and Procedural Background

McArthur was indicted by a federal grand jury on March 15, 2016 and charged with two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), respectively, on January 8 and March 2, 2016. On February 8, 2018, McArthur pleaded guilty in open court to Count 1 of the indictment, pursuant to a written plea agreement. On July 19, 2018, McArthur was sentenced by this court to 36 months in prison and 3 years of supervised release. McArthur did not file a direct appeal. To date, he has not filed a § 2255 motion.

Legal Analysis

McArthur explains that he intends to file a § 2255 motion to argue that, in light of the Supreme Court's decision in *Rehaif*, his conviction must be vacated. McArthur presumably will contend that the indictment, plea agreement and the colloquy in open court during his change of plea hearing failed to establish that he knew he had the status of a convicted felon who was barred from possessing a firearm. McArthur asks the court to appoint counsel to pursue these arguments on his behalf.

District courts may appoint counsel for financially eligible defendants who pursue habeas relief pursuant to 28 U.S.C. § 2255. *See Tabron v. Grace*, 6 F.3d 147, 154-55 (3d Cir. 1993). As McArthur recognizes, appointment of counsel is not mandatory in habeas cases. (ECF No. 101). Instead, the court must conclude that the interests of justice require that counsel be appointed. 18 U.S.C. § 3006A(a)(2)(B).

Before appointing counsel, the court must make a threshold finding that the claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the motion survives this

threshold inquiry, the court considers a number of other factors: (1) the merits of the claim; (2) the movant's ability to present his case considering his education, literacy, experience, and the restraints placed upon him by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and his ability to pursue such investigation; (5) his capacity to retain counsel on his own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *Id.* at 155-56. The list of factors is not exhaustive and no factor is determinative. *Id.* at 157.

Satisfaction of the threshold inquiry is difficult when no § 2255 motion is pending before the court. *United States v. Skiba*, No. CRIM. 01-291-2, 2009 WL 150945, at *1 (W.D. Pa. Jan. 21, 2009) (declining to appoint counsel where defendant did not indicate what potential claims he intended to raise in a § 2255 motion). In this case, McArthur explained that he wishes to file a § 2255 motion to seek relief under *Rehaif*. The court will consider whether that claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.[1]

The court concludes, for the purpose of whether to appoint counsel, that McArthur's claim does not have arguable merit. Generally, a § 2255 motion must be filed within 1 year of the conviction being final. 28 U.S.C. § 2255(f)(1). McArthur's conviction became final in August 2016, when he did not pursue a direct appeal.

The statute provides an exception, which permits a § 2255 motion to be filed within 1 year of "the date on which the right asserted was initially recognized by the

---

[1] McArthur did not explain why he is entitled to relief under *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019), which held that the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. The court cannot discern a basis for relief because McArthur's conviction was based on a different statute, § 922(g)(1).

Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3). McArthur is within the 1-year time limit from the Supreme Court's decision in *Rehaif*, which was decided on June 21, 2019.

McArthur cannot take advantage of the exception in § 2255(f)(3). In *In re Sampson*, 954 F.3d 159, 161 n.3 (3d Cir. 2020), the court explained that *Rehaif* did not create a new rule of constitutional law and was not made retroactive to cases on collateral review by the Supreme Court.

In summary, based on a threshold evaluation of the arguments presented in McArthur's motions for appointment of counsel, the court concludes that they lack arguable merit. Appointment of counsel to assist McArthur in filing a § 2255 motion would not be in the interests of justice.

Conclusion

For the reasons set forth above, the pro se motions to appoint counsel filed by defendant Edric McArthur, Sr. (ECF Nos. 101, 105) will be DENIED.

An appropriate order will be entered.

Dated: June 9, 2020

                                      BY THE COURT:

                                      /s/ Joy Flowers Conti
                                      Joy Flowers Conti
                                      Senior United States District Judge